**UNITED STATES of America,**
**Plaintiff,**

v.

**Israel MORALES–LAURENO**
**[8], Helvis Ortiz–Rivera**
**[18], Defendants.**

**Criminal No. 12–413 (FAB).**

United States District Court,
D. Puerto Rico.

June 3, 2013.

Mariana E. Bauza, Maritza Gonzalez–Rivera, Olga B. Castellon–Miranda, United States Attorney's Office, San Juan, PR, for Plaintiff.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is the United States' ("the United States" or "the government") motions to disqualify the defense attorneys for defendant Israel Morales–Laureno ("Morales") and defendant Helvis Ortiz–Rivera ("Ortiz"). (Docket Nos. 517 & 521.) Having considered the United States' motions and the defendants' responses, (Docket Nos. 526 & 559), the Court DE-

NIES the government's motions, without prejudice and schedules a *Foster* **hearing for June 11, 2013 at 9:00 a.m.**

## DISCUSSION

### I. Background

On March 15, 2013, the grand jury returned a three-count[1] superseding indictment against twenty-two defendants, including defendants Morales and Ortiz. (*See* Docket No. 315 at p. 1.) The grand jury charged defendants Morales and Ortiz with participating in a conspiracy to package, transport and deliver suitcases loaded with kilograms of cocaine to the American Airlines cargo area at the Luis Muñoz Marin International Airport in Carolina, Puerto Rico, where a group of American Airlines employees would then ensure that those suitcases were smuggled onto American Airlines aircraft departing for various cities in the Eastern United States. *Id.* at pp. 3–4. Therefore, the grand jury charged defendants Morales and Ortiz with conspiracy to possess with intent to distribute cocaine, aiding and abetting to possess with the intent to distribute cocaine, and conspiracy to commit money laundering. *Id.* at pp. 3–13.

On March 19, 2013, the government filed a motion to disqualify defendant Morales' attorney, Kendys Pimentel, alleging a conflict of interest. (Docket No. 517.) On March 21, 2013, the government filed another motion to disqualify defendant Ortiz's attorney, Jose Romo–Matienzo, for the same reason. (Docket No. 521.) On March 20, 2013, defendant Morales filed a response, which asserted that he has waived attorney-client privilege and that there is no conflict. (*See* Docket No. 526.) On March 26, 2013, defendant Ortiz also

---

1. In addition to these three counts, the superseding indictment also contained a narcotics forfeiture allegation and a money launder-

ing forfeiture allegation. (*See* Docket No. 315 at p. 1.)

filed a response, arguing that the government has made no showing of an actual conflict of interest. (*See* Docket No. 559.)

## II. Legal Standard

 The Sixth Amendment to the United States Constitution guarantees that "in all criminal prosecutions the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. In interpreting this constitutional principle, the Supreme Court has stated that there is a presumption in favor of a defendant's choice of counsel and his right to select his own representation. *See Wheat v. United States,* 486 U.S. 153, 159–60, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). This presumption, however, "may be overcome not only by a demonstration of actual conflict, but by a showing of serious potential for conflict." *Id.* at 164. A district court has broad discretion pursuant to this standard, because "the evaluation of the facts and circumstances ... must be left primarily to the informed judgment of the trial court." *Id.* While a district court has substantial latitude in evaluating conflicts of interest regarding a defendant's choice of representation, disqualification of counsel "should be a measure of last resort." *In re Grand Jury Proceedings,* 859 F.2d 1021, 1026 (1st Cir.1988) (internal quotation marks and citation omitted). Accordingly, the government bears a "heavy burden" in demonstrating that disqualification is justified. *Id.* (internal quotation marks and citation omitted).

 Where a defendant's choice of counsel may cause a conflict of interest, the Court must investigate the potential conflict to determine if different counsel is warranted. *Wheat,* 486 U.S. at 159, 108 S.Ct. 1692. Federal Rule of Criminal Procedure 44(c) ("Rule 44(c)") requires judges to make a prompt inquiry into these matters and "must personally advise each defendant of the right to the effective assistance of counsel ..." Fed.R.Crim.P. 44(c)(2). Furthermore, "[u]nless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel." *Id.* In interpreting this rule, the First Circuit Court of Appeals has stated that:

> "[I]t shall be the duty of the trial court, as early in the litigation as practicable, to comment on some of the risks confronted where defendants are jointly represented to insure that defendants are aware of such risks, and to inquire diligently whether they have discussed the risks with their attorney, and whether they understand that they may retain separate counsel appointed by the court and paid for by the government."

*United States v. Foster,* 469 F.2d 1, 5 (1st Cir.1972). Those hearings are also conducted when a defendant's counsel has represented a former client who may be a potential witness for the government. *See e.g., United States v. Morrell–Corrada,* 343 F.Supp.2d 80 (D.P.R.2004).

## III. Analysis

 Both defendants' attorneys allegedly represented former co-conspirators who are now potential witnesses for the government in the upcoming trial. (Docket Nos. 517 & 521 at p. 1.) In both of its motions, the United States makes the same argument: that both defense counsel "previously represented a potential government witness in a criminal case that is closely related to the instant case." *Id.* The government argues that (1) the former representation of the potential government witness and the current representation of the defendants is a problem because the attorneys possess privileged information that could be used to impeach

the witness during cross-examination, and (2) the Court should contemplate holding a *Foster* hearing pursuant to Rule 44(c) to "explore the possible conflict of interest." *Id.* at p. 3. The United States fails to provide, however, any concrete evidence or details that there exists an actual or serious potential conflict: the government's motion does not contain any details about the alleged privileged information known by defense counsel. "There must be a direct link between the clients of an attorney-or at least some concrete evidence that one client, such as an immunized witness, has information about another client ... before the right to counsel of choice is barred by disqualification." *In re Grand Jury Proceedings*, 859 F.2d at 1026. Given that the government bears a "heavy burden" in demonstrating that disqualification is justified, *id.*, and that the Court is required to conduct a hearing to inquire into the adequacy of a defendant's representation in case of a possible conflict of interest, *Foster*, 469 F.2d at 5, the Court will hold a *Foster* hearing to review any evidence and the risks inherent in the defendants' choices of counsel. Accordingly, the government's motions to disqualify, (Docket Nos. 517 & 521), are **DENIED WITHOUT PREJUDICE** at this stage.

## CONCLUSION

The Court **DENIES** both government motions to disqualify **WITHOUT PREJUDICE.** A *Foster* hearing is set for **June 11, 2013** during which the government may present evidence that an actual or serious potential conflict exists with defendant Morales' and defendant Ortiz's representation.

**IT IS SO ORDERED.**